## SAMUEL MULLEN *v.* EDWARD JENNINGS.

1. An injunction will be dissolved where the bill shows no necessity for the court's affording the complainant such protection. The power to restrain by injunction is confided exclusively to this court, and should be exercised with caution, and only where there is a necessity for it. An individual ought not to be restrained by this court in the exercise of any legal right, unless the ends of justice require it.

2. The complainant alleged that in pursuance of an agreement between the defendant and himself, the defendant delivered him a deed for a certain property, and that under the deed he entered upon and continued in the possession of it; and that the complainant delivered to the defendant a deed for another property, which the defendant accepted and took possession under it; and the ground of complaint was that the property conveyed to the complainant was encumbered to a larger amount than the sum stated by the defendant when the bargain was made, and that the defendant refused to pay a sum which he had agreed to pay in the exchange of properties. The relief asked is that the defendant be decreed to pay the sum agreed upon, with interest, from the time of the exchange of deeds, and to pay off the additional encumbrance. The bill then prayed for an injunction and obtained it, enjoining the defendants from entering the property conveyed to the complainant, and from granting, encumbering or interfering in any way with it; and further, from exercising any acts of ownership on the same; or from selling or disposing of the property conveyed to him by the complainant, or from granting, bargaining, selling or encumbering it, or in any manner impairing the value of any other property now in the defendant's possession or under his control.

3. There being no allegation that the defendant was insolvent, or embarrassed, or unable to respond to any amount the court might decree him to pay; or that the complainant had not an adequate remedy on the covenants in the defendant's deed to him, it was held that the injunction was too broad, was not necessary to enable the complainant to obtain the relief asked, and must be dissolved.

This cause was heard before the Chancellor, May Term, 1852, on motion to dissolve the injunction, which had been granted on filing the bill.

*P. D. Vooom,* for complainant.

*J. Parker* and *Wm. L. Dayton,* for defendant

Mullen v. Jennings.

THE CHANCELLOR. The defendant moves a dissolution of the injunction which was granted on filing the bill, and has read his answer in support of the motion.

There were very important principles of law and equity discussed on the argument, and which perhaps it will be necessary to determine in a final settlement of the case. I can, however, determine the motion now before me without committing myself upon the questions referred to; and I prefer doing so, as the counsel will be afforded a better opportunity of aiding me by their researches and argument in forming my judgment upon the final merits of the case.

Upon the case made by the bill, I do not see the propriety of the injunction.

The complainant's allegation is, that in pursuance of the agreement between defendant and himself, the defendant delivered him a deed for the Mannahawkin tavern property, and that under the deed he entered upon, and continues in the possession of it; and that the complainant delivered to the defendant a deed for the property on the Long Beach, which the defendant accepted, and took possession under it. His ground of complaint is, that the Mannahawkin property, instead of being encumbered for five hundred dollars only, as the defendant alleged, when the bargain was made, is encumbered for sixteen hundred dollars; and that the defendant refuses to pay him fifty dollars, which was a sum he was to pay in the exchange of properties.

The relief he asks is, that the defendant may be decreed to re-pay him the fifty dollars, and interest from the time of the exchange of deeds, and also to pay off and discharge the mortgages over and above the five hundred dollars.

He then prays for, and obtains an injunction, enjoining the defendant, his attorneys, &c., to desist and refrain from entering the tavern-house and lot for any purpose whatsoever, or from granting, encumbering or interfering in any way with the said tavern-house; and further, from exercising any acts of ownership over the same, or from selling or disposing of the Long Beach property, or from granting, bargaining, selling, encumbering, or in any way impairing the value of

any other property now in the defendant's possession or under his control, in the mortgages referred to.

What need is there of an injunction to prevent the defendant from entering the tavern-house and lot? There is nothing in the bill showing the propriety of such an injunction—no allegation that he has made any attempt or threats to do so. The complainant has the defendant's deed for the property, and is in possession under it. It is not shown that at law he cannot protect his possession under that deed, or why the aid of this court is required to enable him to do so. Why, then, should the extraordinary powers of this court be invoked for the purpose?

Why should the defendant be restrained from selling or encumbering the Long Beach property? According to the bill he is in possession under the deed of the complainant, and put in possession by the complainant.

All the relief the complainant seeks is that the defendant may be decreed to pay the complainant the fifty dollars, and clear the Mannahawkin property of the encumbrance over five hundred dollars. If he obtains his relief, it does not, in any way, affect the Long Beach property. It is true, by enjoining the defendant from selling or encumbering this property, may better enable him to pay to the complainant such amount as may be required, if such shall be the decree, to pay off the encumbrances on the Mannahawkin property. If the injunction can be allowed for such a purpose it might with equal propriety restrain him from selling all his property, both real and personal. The bill is not filed with the view of annulling the contract and compelling the defendant to re-convey this property. There is no allegation that the defendant is insolvent or embarrassed, or unable to respond to any amount this court may decree him to pay; or that the complainant has not an adequate remedy in the covenants in the defendant's deed to him.

It was rather conceded on the argument that the injunction was too broad, but the propriety of protecting the complainant in the possession of the Mannahawkin property was urged.

Mullen v. Jennings.

As I have stated, the bill shows no necessity for the court's affording him such protection.

It is true such injunction might do no harm. But this is a power which, by law, is confided exclusively to this court, and should be exercised with caution, and only where there is necessity for it. An individual ought not to be restrained by this court, in the exercise of any legal right, unless the ends of justice require it.

The injunction must be dissolved, the costs to abide the event of the suit.